**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

**JEISSON GOMEZ-TALERO,**
Petitioner,

v.

**RAUL MALDONADO, JR., WARDEN, MDC BROOKLYN;**
**KENNETH GENALO, Field Office Director, ICE New York;**
**KRISTI NOEM, Secretary of Homeland Security,**

Respondents.

-----------------------------------------------------------------X

**Case No.:** _____

## PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (28 U.S.C. § 2241)

## I. INTRODUCTION

1. Petitioner, JEISSON GOMEZ-TALERO ("Petitioner"), is a noncitizen currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Metropolitan Detention Center in Brooklyn, New York, **Ex. A**.

2. Petitioner has been detained without an individualized bond hearing before an Immigration Judge.

3. This continued detention without hearing violates the Due Process Clause of the Fifth Amendment.

4. Petitioner seeks a writ of habeas corpus ordering Respondents to provide an immediate bond hearing at which the Government bears the burden of justifying continued detention.

## II. JURISDICTION AND VENUE

5.  This Court has jurisdiction pursuant to 28 U.S.C. § 2241.

6.  This Court also has jurisdiction under 28 U.S.C. § 1331 and the Constitution of the United States.

7.  Venue is proper in the Eastern District of New York because Petitioner is detained within this District.

## III. PARTIES

8.  Petitioner is currently detained at the Metropolitan Detention Center, Brooklyn, New York.

9.  Respondent Warden, Raul Maldonado, Jr., is the immediate custodian of Petitioner.

10. Respondent Kenneth Genalo is the ICE Field Office Director for New York.

11. Respondent Kristi Noem is the Secretary of the Department of Homeland Security.

## IV. FACTUAL BACKGROUND

12. Petitioner is detained pursuant to INA § 236(a), 8 U.S.C. § 1226(a), pending removal proceedings.

13. Under INA § 236(a), Petitioner is statutorily entitled to seek release on bond before an Immigration Judge.

14. Despite this eligibility, Petitioner has not been afforded a meaningful opportunity to seek release before an Immigration Judge.

15. Petitioner is a native and citizen of Colombia who entered the U.S. on December 4, 2021, **Ex. B**. Petitioner timely filed his I-589, Application for Asylum and has been attending all his scheduled hearings, **Ex. C**. On July 31, 2025, the Immigration Court placed Petitioner's case ready for trial into what's called the "trial queue" pending scheduling, **Ex. D**.

16. Petitioner is currently detained by ICE pending removal proceedings, *Id*. At **Ex. A**.

17. Petitioner has been detained since approximately February 28, 2026. On this date, Petitioner was lawfully working for Instacart and while completing an Order was apprehended by ICE agents and was detained and placed in custody.

18. To date, Petitioner has not received a constitutionally adequate bond hearing.

19. Petitioner has been deprived of a meaningful opportunity to seek release on bond despite statutory eligibility under INA § 236(a).

20. Petitioner has not been provided with a bond hearing before an Immigration Judge, nor has he knowingly waived such a hearing.

21. The Government has not demonstrated that Petitioner poses a danger to the community or a flight risk.

## V. LEGAL FRAMEWORK

18. Civil immigration detention under INA § 236(a) must comport with the Due Process Clause of the Fifth Amendment.

19. Due process requires that a noncitizen detained under § 236(a) be afforded a meaningful opportunity to seek release from custody.

20. Where such an opportunity is denied, or where custody determinations are not meaningfully reviewable, habeas corpus relief is appropriate.

21. Federal courts retain jurisdiction under 28 U.S.C. § 2241 to review the legality of immigration detention and to ensure that constitutional safeguards are satisfied.

22. Courts in this Circuit have recognized that due process requires a meaningful opportunity for release from immigration detention. See, e.g., *Velasco Lopez v. Decker*, 978 F.3d 842 (2d Cir. 2020) (requiring government to justify detention at bond hearing); *Sajous v. Decker*, No. 18-cv-2447 (AJN).

## VI. DETENTION WITHOUT MEANINGFUL BOND PROCESS VIOLATES DUE PROCESS

23.  Petitioner is eligible for release under INA § 236(a), yet has not received a constitutionally adequate bond hearing.

24.  Due process requires an individualized custody determination that meaningfully considers whether detention is necessary.

25. The absence of such a hearing renders Petitioner's detention arbitrary and unconstitutional.

26. Without judicial intervention, Petitioner will remain detained despite statutory eligibility for release.

27. Habeas relief is necessary to ensure that Petitioner is afforded a prompt and meaningful bond hearing.

## VII. PETITIONER IS ENTITLED TO A BOND HEARING

28.  This Court has the authority to order Respondents to provide Petitioner with an individualized bond hearing before an Immigration Judge.

29.  At such hearing, due process requires that the Government bear the burden of proving, by clear and convincing evidence, that detention is justified.

30. Alternatively, where no lawful basis for continued detention exists, the Court may order Petitioner's immediate release.

## VIII. CLAIM FOR RELIEF

**Violation of the Fifth Amendment Due Process Clause**

31. Petitioner repeats and realleges all prior paragraphs.

32. Respondents' continued detention of Petitioner without a bond hearing violates due process.

## IX. REQUEST FOR EMERGENCY RELIEF (OPTIONAL TRO LANGUAGE)

33. Petitioner's continued detention constitutes irreparable harm.

34. Petitioner has a likelihood of success on the merits.

35. The balance of equities favors Petitioner.

36. The public interest supports constitutional compliance.

## X. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

Grant this Petition for Writ of Habeas Corpus;

Order Respondents to provide Petitioner with an individualized bond hearing before an Immigration Judge within five (5) days;

Require that, at such hearing, the Government bear the burden of proving by clear and convincing evidence that Petitioner poses a risk of flight or danger;

Alternatively, order Petitioner's immediate release;

Grant such other and further relief as the Court deems just and proper.


**Dated: March 18, 2026**


Respectfully submitted,

By: */s/ Gurhan Heinert*
Gurhan Heinert, Esq.
Attorney for Petitioner

**HEINERT LAW PLLC**
3418 Northern Blvd, Suite 328
Long Island City, NY 11101

**<u>VERIFICATION PURSUANT TO 28 U.S.C. § 2242</u>**

I represent Petitioner, JEISSON GOMEZ-TALERO, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 18th day of March, 2026.                    By: */s/ Gurhan Heinert*
                                                          Gurhan Heinert, Esq.
                                                          Attorney for Petitioner