UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JEISSON GOMEZ-TALERO,

                Petitioner,

          -against-

RAUL MALDONADO JR *et al.*,

                Respondents.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
26-CV-1625 (OEM)

ORELIA E. MERCHANT, United States District Judge:

On March 18, 2026, petitioner Jeisson Gomez-Talero ("Petitioner") commenced this 28 U.S.C. § 2241 habeas corpus action against Respondents Raul Maldonado Jr., in his official capacity as Warden of the Metropolitan Detention Center in Brooklyn, New York ("MDC Brooklyn"); Kenneth Genalo, in his official capacity as Field Office Director for U.S. Immigration and Customs Enforcement ("ICE") in New York; and Kristi Noem, in her official capacity as Secretary of Homeland Security. Petitioner challenges the lawfulness of his ongoing detention by ICE as a violation of his due process rights under the Fifth Amendment of the U.S. Constitution ("Fifth Amendment") and seeks an immediate bond hearing at which the Government bears the burden of justifying his continued detention. *See* Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (28 U.S.C. § 2241), Dkt. 1 ("Petition" or "Pet."). Petitioner was arrested by ICE on February 28, 2026, and is currently detained at MDC Brooklyn. *Id.* ¶¶ 1, 17.

For the following reasons, the Petitioner's request for a bond hearing is granted.

**BACKGROUND**[1]

Petitioner is a native and citizen of Colombia who entered the United States on December 4, 2021.  Pet. ¶ 15.  Upon entry, Petitioner was issued a Notice of Expedited Removal.  *See* Letter from Respondents to the Court at 1 (Mar. 30, 2026), Dkt. 10 ("Opposition" or "Opp'n"); Opp'n, Exhibit F ("Record of Inadmissible Alien").[2]  Petitioner was charged with being subject to removal pursuant to §§ 212 (a)(6)(A)(i) and 212 (a)(7)(A)(i)(l) of the Immigration and Naturalization Act ("INA").  *See* Opp'n at 1; Opp'n, Exhibit A; Record of Inadmissible Alien.  Records indicate that Petitioner was released on bond in the amount of $16,500 on February 10, 2022.  *See* Opp'n, Exhibit B.  However, other records indicate that Petitioner was released on parole for a period of one year pursuant to 8 U.S.C. § 1182(d)(5)(A) ("Section 1182(d)(5)(A)") on May 18, 2022.  *See* Opp'n, Exhibit C; Opp'n, Exhibit D.

Following his release, Petitioner timely filed his I-589, Application for Asylum and has been attending all his scheduled hearings.  Pet. ¶ 15.  On July 31, 2025, the Immigration Court placed Petitioner's asylum application into the "trial queue" pending scheduling.  *Id.*

On February 28, 2026, ICE officers encountered Petitioner during a traffic stop in Valley Stream, New York.  Record of Inadmissible Alien.  After conducting a records check and determining that Petitioner was illegally present in the United States, the officers arrested Petitioner pursuant to a I-200, Warrant for Arrest of Alien.  *Id.*; Opp'n, Exhibit E.

Petitioner is currently detained at MDC Brooklyn.  Pet. ¶ 1.

---

[1] The facts of this case are undisputed unless otherwise indicated.

[2] When citing the Opposition, the Court references the page numbers contained in the automatically generated ECF header.  Additionally, all exhibits to the Opposition are attached within the same docket entry.  *See* Dkt. 10.

**DISCUSSION**

The instant Petition raises two principal issues: (1) whether Petitioner is detained under 8 U.S.C. § 1226 ("Section 1226") or 8 U.S.C. § 1225 ("Section 1225"); and (2) whether Petitioner's due process rights have been violated.

**A. Statutory Basis for Petitioner's Detention**

The Court is bound by a long line of U.S. Supreme Court precedent. *See Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) ("[O]ur immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("The distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law."); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (stating that Section 1225(b) governs "aliens seeking admission into the country," whereas Section 1226(a) governs "aliens already in the country" who are subject to removal proceedings). Thus, the Court's position on whether Section 1226 or Section 1225 applies in scenarios where a petitioner is detained after entering the country has not changed since deciding other 28 U.S.C. § 2241 immigration cases recently. *See, e.g.*, *J.U. v. Maldonado*, 805 F. Supp. 3d 482 (E.D.N.Y. 2025); *Artiga v. Genalo*, 25-CV-5208 (OEM), 2025 WL 2829434 (E.D.N.Y. Oct. 5, 2025); *Lira Caceres v. Shanahan*, 26-CV-00016 (OEM), 2026 WL 233215 (E.D.N.Y. Jan. 28, 2026); *Singh v. Maldonado*, 26-CV-00019 (OEM), 2026 WL 233216 (E.D.N.Y. Jan. 29, 2026); *Sanchez Atz v. Noem*, 26-CV-00214 (OEM), 2026 WL 320238 (E.D.N.Y. Feb. 6, 2026); *Acuapan v. Bondi*, 26-CV-00384 (OEM), 2026 WL 507889 (E.D.N.Y. Feb. 24, 2026). *Monge-Campos v. Bondi*, 26-CV-1056 (OEM), 2026 WL 603516 (E.D.N.Y. Mar. 4, 2026); *Gonzalez Guardado v. Maldonado*, 26-CV-1170 (OEM), 2026 WL 670156 (E.D.N.Y. Mar. 10, 2026); *Vasquez-Lopez v.*

3

*Bondi*, 26-CV-1369 (OEM), 2026 WL 710088 (E.D.N.Y. Mar. 13, 2026); *Jimenez Carrillo v. Noem*, 26-CV-1259 (OEM), 2026 WL 747015 (E.D.N.Y. Mar. 17, 2026); *Singh v. Maldonado*, 26-CV-1571 (OEM), 2026 WL 850670 (E.D.N.Y. Mar. 27, 2026); *Agudelo Silva v. Maldonado*, 26-CV-1709 (OEM), 2026 WL 850687, (E.D.N.Y. Mar. 27, 2026); *Villanueva Hernandez v. Mullin*, 26-CV-1822 (OEM), 2026 WL 891623, (E.D.N.Y. Apr. 1, 2026).

The Court is not persuaded by the authorities provided by Respondents, and there are no distinguishing facts as to Petitioner in this case. While Respondents contend that Petitioner is mandatorily detained pursuant to Section 1225(b)(1)(B)(ii), Opp'n at 2, this position does not comport with the facts of this case, the statutory text, or the case law interpreting the statutory text, *see* 8 U.S.C. § 1225(b)(1)(B)(ii) (stating that if an immigration officer determines that a noncitizen subject to expedited removal "has a credible fear of persecution . . . the alien shall be detained for further consideration of application for asylum."); *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 297 (E.D.N.Y. 2025) ("[N]either the Arriving Aliens Provision nor the Designation Provision of Section 1225(b)(1) authorizes expedited removal and the detention of noncitizens who, like [petitioner], were paroled in the United States under Section 182(d)(5)(A)"); *Munoz Materano v. Arteta*, 804 F. Supp. 3d 395, 414 (S.D.N.Y. 2025) (holding that "[Section] 1225 does not authorize expedited removal of individuals who have ever been paroled into the U.S. under either of its provisions"); *Coal. for Humane Immigrant Rts. v. Noem*, 805 F. Supp. 3d 48, 83 (D.D.C. 2025) (concluding that Section 1225(b)(1) "forbids the expedited removal of noncitizens who have been, at any point in time, paroled into the United States"). As Petitioner was paroled into the United States under Section 1182(d)(5)(A), he is not subject to mandatory detention under Section 1225(b)(1). *See Rodriguez-Acurio*, 811 F. Supp. 3d at 297; *Munoz Materano*, 804 F. Supp. 3d at 414; *Coal. for Humane Immigrant Rts.*, 805 F. Supp. 3d at 83.

Accordingly, this Court joins the majority of courts in finding that detention of the nature at issue here cannot be upheld under Section 1225. *See Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 494 & Appendix A (S.D.N.Y. 2025) (collecting cases). Mandatory detention under Section 1225 is inapplicable to Petitioner, and he is subject to discretionary detention under Section 1226. *See J.U.*, 805 F. Supp. 3d, at 490 (noting the mutual exclusivity of Section 1225 and Section 1226).

## B. Due Process

The Court now turns to whether ICE's detention of Petitioner violates his due process rights. The *Mathews* test governs this inquiry. *See Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (applying the three-factor balancing test outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976) to determine the adequacy of process in the context of civil immigration confinement). The determination of what procedures are required under the Fifth Amendment requires consideration of: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

With respect to the first prong of the *Mathews* test, Petitioner invokes "the most significant liberty interest there is—the interest in being free from imprisonment." *Velasco Lopez*, 978 F.3d at 851 (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)).

With respect to the second prong of the *Mathews* test, the record demonstrates that no individualized determination was made prior to or contemporaneously with the decision to detain him on February 28, 2026. *See* Record of Inadmissible Alien. Respondents present no articulable

facts as to why Petitioner is dangerous or a flight risk.  *See generally* Opp'n.  Therefore, ICE did not engage in the required deliberative process during the initial decision to strip Petitioner of his liberty interest, and the risk of erroneous deprivation of that interest is high.  *See Chipantiza-Sisalema v. Francis*, 25 Civ. 5528 (AT), 2025 WL 1927931, at *3 (S.D.N.Y. July 13, 2025) (stating that ICE must engage in a deliberative process prior to or contemporaneous with "the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause"); *Lopez v. Sessions*, 18 Civ. 4189 (RWS), 2018 WL 2932726, at *11 (S.D.N.Y. June 12, 2018) (finding a risk of erroneous deprivation where the petitioner was re-detained absent a change in circumstances, procedure, or evidentiary findings).

As to the third and final *Mathews* prong, "the Attorney General's discretion to detain individuals under 8 U.S.C. § 1226(a) [sic] is valid where it advances a legitimate governmental purpose," such as "ensuring the appearance of aliens at future immigration proceedings" and "preventing danger to the community." *Valdez v. Joyce*, 803 F. Supp. 3d 213, 218 (S.D.N.Y. 2025) (first quoting *Velasco Lopez*, 978 F.3d at 854; then quoting *Zadvydas*, 533 U.S. at 690).  Here, there is nothing in the record to suggest that Petitioner is a flight risk or a danger to the community.  The record indicates that Petitioner has lived in the United States for over four years without incident.  *See* Pet. ¶ 1.  Respondents have therefore failed to show a significant interest in his continued detention.

Taken together, Petitioner's ongoing detention violates his due process rights.  *See Valdez*, 803 F. Supp. 3d at 219; *Lopez*, 2018 WL 2932726, at *15.  Given the deprivation of Petitioner's liberty, the absence of any deliberative process prior to or contemporaneous with the deprivation, and the statutory and constitutional rights implicated, a writ of habeas corpus is the only form of

relief and the most appropriate remedy. *Valdez*, 803 F. Supp. 3d at 219; *Lopez*, 2018 WL 2932726, at *15.

## CONCLUSION

For the foregoing reasons, the Petitioner's request for a bond hearing pursuant to Section 1226 is granted. *See* 8 U.S.C. § 1226(a)(2). Respondents are ordered to provide Petitioner with an individualized bond hearing before an Immigration Judge by April 13, 2026. At that hearing, the Government shall bear the burden of demonstrating, by clear and convincing evidence, that Petitioner is a danger to the community or a risk of flight. *See Velasco Lopez*, 978 F.3d at 855-56. In the event Respondents fail to provide Petitioner with such a bond hearing by April 13, 2026, Respondents are ordered to release Petitioner immediately.

By April 14, 2026, Respondents shall certify compliance with this Order by filing on the docket Petitioner's bond hearing date and outcome and/or release date. The Clerk of Court is respectfully directed to enter judgment in accordance with this Order and close this case.

SO ORDERED.

_/s/_____
ORELIA E. MERCHANT
United States District Judge

April 6, 2026
Brooklyn, New York